WEAVER J.
(concurring). I concur only in the result reached by the majority opinion. Specifically, because the one-year-back rule applies only to actions brought under the no-fault act, and because a fraud action is not a no-fault action — “action for recovery of personal protection insurance benefits payable under [the no-fault act] for accidental bodily injury,” MCL 500.3145(1)— but, instead, is an independent action for recovery of damages payable under the common law for losses incurred as a result of the insurer’s fraudulent conduct, I agree that the common-law cause of action for fraud is not subject to the one-year-back rule.
*418 Therefore, I concur in the majority’s decision to reverse in part the judgment of the Court of Appeals and to remand this matter to the trial court for further proceedings consistent with that decision.
KELLY, J., concurred with WEAVER, J.